NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2735
_____

UNITED STATES OF AMERICA

v.

DAVID TUCKER,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 08-cr-00756-001)
District Judge:  Hon. Stewart Dalzell

_____

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2011

Before:  RENDELL, JORDAN and BARRY, *Circuit Judges*.

(Filed: September 16, 2011)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

        David Tucker appeals the May 28, 2010 judgment of the United States District

Court for the Eastern District of Pennsylvania sentencing him to 120 months'

imprisonment, 5 years' supervised release, $2,145 restitution, and $200 in special assessments for committing armed bank robbery, in violation of 18 U.S.C. § 2113(d), and for carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Tucker's counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion to withdraw and affirm the District Court's judgment.

## I.      Background

On October 14, 2008, Tucker entered a PNC Bank and approached the tellers, brandishing a revolver. While yelling threats and pointing the gun at the tellers, he slid a black plastic bag under the protective glass and demanded that they fill it with money. A teller filled the bag with approximately $2,145 and slid it back under the glass. Tucker took the bag and fled.

A week later, two FBI agents arrested Tucker for the robbery. After waiving his Miranda rights, Tucker admitted to the agents that he had robbed the PNC Bank on October 14, 2008. He was later charged with the robbery and firearms offenses as recounted above.

At a plea hearing on January 21, 2010, the District Court explained to Tucker the rights he would forfeit by pleading guilty and confirmed that he was entering his plea voluntarily. Tucker then pled guilty to both counts.

At sentencing, the Court reviewed the Presentence Investigation Report ("PSR"), which, based on Tucker's conduct and background, calculated an offense level of 19 and a criminal history category of II. Those calculations resulted in a Guidelines range of 33

2

to 41 months' imprisonment for the armed robbery count, plus a mandatory consecutive term of 84 months for the firearms count. Tucker did not object to those calculations. He did, however, request a downward variance based on his post-offense cooperation and psychiatric history. The Court considered Tucker's mental condition and his ability to be rehabilitated but, due to the seriousness of the crime and the unclear link between the crime and his mental condition, decided not to vary downward.

Ultimately, the Court sentenced Tucker to 36 months for robbery "to be followed by 84 months as a mandatory consecutive sentence." (App. at 74.) He was additionally sentenced to 5 years' supervised release and was required to pay restitution of $2,145 and special assessments of $200.

Tucker timely appealed. His counsel has moved to withdraw and has filed a brief pursuant to *Anders*, supporting the motion. Tucker has not filed a *pro se* brief.

## II. Discussion[1]

### A. Standard of Review

Under *Anders*, counsel may seek to withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal. *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). We exercise plenary review to determine whether there are any such issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (noting that, in the *Anders* context, a court must conduct an "examination of all the proceedings" (internal quotation marks omitted)). Whether an issue is frivolous is informed by the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

standard of review for each potential claim raised.  *See United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002).

### B.    *Anders* **Analysis**

We implement *Anders* through our Local Appellate Rule ("L.A.R.") 109.2(a), which provides, in relevant part, as follows:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States.  The United States must file a brief in response.  Appellant may also file a brief in response pro se. … If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a).  We ask two principal questions when counsel proceeds under *Anders*:  whether counsel has "adequately fulfilled" the requirements of L.A.R. 109.2(a) and whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

The first question – whether counsel has "adequately fulfilled" the requirements of L.A.R. 109.2(a) – often turns, as it does here, on the adequacy of counsel's supporting brief.  To be adequate under L.A.R. 109.2(a), an *Anders* brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," *Youla*, 241 F.3d at 300; (2) identify issues that might arguably support an appeal, *see Smith v. Robbins*, 528 U.S. 259, 285 (2000); and (3) "explain why th[ose] issues are frivolous[,]" *Marvin*, 211 F.3d at 780.  "Counsel need not raise and reject every possible claim[,]" but he or she must still conscientiously examine the record.  *Youla*, 241 F.3d at 300.

4

The second question – whether an independent review of the case raises nonfrivolous issues – requires us to examine the record to determine whether the appeal "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 438 n.10 (1988). Where the *Anders* brief is adequate, we confine our review to those portions of the record implicated by the *Anders* brief. *Youla*, 241 F.3d at 301. Where the *Anders* brief is inadequate, we may expand our review to portions of the record implicated in the defendant's *pro se* brief or other filings that provide "guidance concerning the issues [the defendant] wishes to raise on appeal." *Id.* Regardless of the adequacy of the *Anders* brief, we may affirm the District Court without appointing new counsel if we find, after reviewing the record, that the "frivolousness [of the appeal] is patent." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (internal quotation marks omitted).

Here, counsel has identified in the *Anders* brief three potential issues for appeal: jurisdiction; the validity and voluntariness of the plea; and the legality of the sentence. Having reviewed the *Anders* brief, we are satisfied that counsel has conscientiously examined the record. Accordingly, we confine our independent review of the record to the issues raised in that brief.

### 1. Jurisdiction

The first issue raised pertains to the District Court's jurisdiction. The district courts have "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. By perpetrating an armed bank robbery, Tucker was committing "offenses against the laws of the United States,"

5

specifically 18 U.S.C. §§ 2113(d) and 924(c)(1).[2]  Accordingly, the District Court had jurisdiction to adjudicate the case, and the issue is frivolous.

### 2. *Knowing and Voluntary Plea*

The second issue raised pertains to whether the District Court properly determined that Tucker's plea was knowing and voluntary.  To withstand challenge, a guilty plea must comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure, which embodies the "constitutional requirement that a guilty plea be 'knowing' and 'voluntary.'" *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006).  A defendant asserting a Rule 11 error for the first time on appeal must show plain error, that is, error that is plain or obvious and that affects his substantial rights.  *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008).  Such error can be the basis for relief on appeal if failing to correct it would "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks and citations omitted).

Here, the guilty plea met the necessary legal requirements.  The District Court addressed Tucker personally in open court and confirmed that he understood the rights he was forfeiting, that he understood the terms of his plea agreement, and that he was pleading guilty knowingly and voluntarily.  Given the District Court's thorough colloquy, and the fact that Tucker has neither sought to withdraw his plea nor suggested grounds

---

[2] The elements of his crimes, including the jurisdictional elements, were admitted by Tucker in the plea colloquy.

6

for finding it involuntary or less than knowing, we see no error and thus no nonfrivolous basis upon which Tucker may challenge his guilty plea.

### 3. *Tucker's Sentence*

The final potential issue pertains to whether the District Court properly determined Tucker's sentence. We review the District Court's sentencing decisions for abuse of discretion, looking first for procedural error and then examining the sentence for substantive reasonableness. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

Here, the record reveals no procedural or substantive problems. The District Court did not miscalculate the Guidelines range, treat the Guidelines as mandatory, or fail to consider the 18 U.S.C. § 3553(a) factors. Moreover, the Court gave meaningful consideration to Tucker's mental health issues and decided to deny his request for a downward variance in light of the seriousness of the offense, all of which is consistent with § 3553(a). The sentence therefore was procedurally sound.

Likewise, the sentence is substantively reasonable. Our review must be, "to a great degree, deferential." *Wise*, 515 F.3d at 218. Because the District Court imposed a sentence within the properly calculated Guidelines range that took into account, *inter alia*, Tucker's criminal history, his mental condition and the seriousness of his crime, there was no abuse of discretion. The record, then, presents no nonfrivolous basis upon which Tucker may appeal his sentence.

## III. Conclusion

For the forgoing reasons we will grant counsel's motion to withdraw and affirm the District Court's judgment.

7